STATE OF NEBRASKA, APPELLEE, V. DWIGHT WALTON, APPELLANT.

523 N.W.2d 699

Filed November 18, 1994.   No. S-93-1127.

Thomas A. Wagoner and David T. Schroeder for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

BOSLAUGH, J., Retired.

The defendant, Dwight Walton, was charged with and convicted of possession of a destructive device. He was sentenced to imprisonment for 20 months to 5 years. He was also charged with and convicted of two counts of misdemeanor theft by receiving stolen property. He has appealed but only from the felony of possession of a destructive device.

The record shows that the defendant and two other men were driving in and around the town of Fullerton, Nebraska, on the night of October 31, 1992. The three were carrying approximately six glass jars which they had filled with gasoline and fitted with cloth wicks. They lit and threw most of the jars at various sites in the area. They also placed stolen hay bales on a bridge and, using the gasoline from one of the jars as fuel, set them on fire. Later, they set a round hay bale on fire. They were stopped by a Nance County deputy sheriff shortly after setting the fires. Initially, the three men denied involvement in the fires. Later, one of the men, Charles Ziemba, confessed to starting the fires and implicated Walton.

Walton was charged with possession of a destructive device under Neb. Rev. Stat. § 28-1220(1) (Reissue 1989), a Class IV felony. At trial, the jury found him guilty.

Walton has appealed on the following grounds: (1) Neb. Rev. Stat. § 28-1213 (Reissue 1989), which defines the term "destructive device," is unconstitutional due to vagueness and improper delegation of legislative authority; (2) no evidence was adduced that showed that the jars were either designed to be used as weapons or that the primary purpose of the jars was

to be used as weapons; and (3) no evidence was adduced that showed that Walton intended the jars to be used as weapons.

Each assignment of error pertains to the specific language of § 28-1213, which provides in pertinent part:

Destructive devices shall mean:

(a) Any explosive, incendiary, or poison gas . . . (vii) Molotov cocktail, or any similar device, the primary or common purpose of which is to explode and to be used as a weapon against any person or property[.]

. . . The term destructive device shall not include (i) any device which is neither designed nor redesigned for use as a weapon to be used against person or property . . . (iv) any other device which the Nebraska State Patrol finds is not likely to be used as a weapon or is an antique, or (v) any other device possessed under circumstances negating an intent that the device be used as a weapon against any person or property.

At trial, Walton argued that § 28-1213, which defines the term "destructive device," was unconstitutional due to vagueness and overbreadth. In his brief to this court, he argues that the vagueness stems from the legislative delegation of authority to the Nebraska State Patrol to define criminal behavior.

This argument must fail. To have standing to assert a claim of vagueness, a defendant must not have engaged in conduct which is clearly prohibited by the questioned statute and cannot maintain that the statute is vague when applied to the conduct of others. *State v. Connely*, 243 Neb. 319, 499 N.W.2d 65 (1993); *State v. Pierson*, 239 Neb. 350, 476 N.W.2d 544 (1991). The provision to which Walton objects does not apply to the facts of his case. The object for which Walton was convicted of possession was a Molotov cocktail, a weapon which the statute clearly listed as a destructive device. Because no vagueness exists in the statute as it applies to Walton's case, his argument that the statute is unconstitutional is rejected.

Walton claims that no evidence was adduced that showed that the jars were to be used as weapons. A deputy State Fire Marshal investigator stated that when the jars were filled with gasoline, they fit the definition of a Molotov cocktail. The

investigator also stated that a Molotov cocktail is "a makeshift incendiary bomb which is constructed of a breakable container filled with flammable liquid having a rag wick. The purpose is to do harm to individuals or damage to personal property." This testimony is sufficient to meet the standards required by the statute. This assignment of error is without merit.

Walton also claims that the evidence showed that he had not intended to use the jars as weapons, thereby rendering § 28-1220(1) inapplicable. As evidence that the jars were not to be used as weapons, Walton cites the testimony of Ziemba. Ziemba claimed that the jars were to be used as Halloween pranks rather than as weapons.

An appellate court will not set aside a finding of guilty in a criminal case where the finding is supported by relevant evidence, and only where the evidence lacks sufficient probative force as a matter of law may the appellate court set aside a finding of guilty as unsupported by the evidence beyond a reasonable doubt. *State v. Russell*, 243 Neb. 106, 497 N.W.2d 393 (1993). In this case, a jury, by considering the evidence of theft and vandalism, could have found that Walton intended to use the jars as weapons against property. The evidence of the State was sufficient to sustain the verdict.

The judgment of the district court is affirmed.

AFFIRMED.