STATE OF NEBRASKA, APPELLEE, V. LAWRENCE E. JONES, APPELLANT.

532 N.W.2d 293

Filed May 26, 1995. Nos. S-94-1037, S-94-1038.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ., and LIKES, D.J.

WHITE, C.J.

Lawrence E. Jones was convicted in 1988 of two counts of first degree sexual assault, two counts of robbery, and one count of attempted robbery and was sentenced to incarceration for a total of not less than 33 nor more than 65 years. Jones was found to be a treatable mentally disordered sex offender and was committed to the Lincoln Regional Center (LRC) for treatment. Jones' convictions and sentences were affirmed by this court in *State v. Jones*, 232 Neb. 576, 441 N.W.2d 605 (1989).

The Nebraska Legislature enacted the Convicted Sex Offender Act in 1992, while Jones was in treatment at the LRC. In December 1992, pursuant to Neb. Rev. Stat. § 29–2934 (Cum. Supp. 1994), Jones requested to be resentenced by the district court. The district court reimposed the original sentence and ordered Jones committed to the LRC for further treatment. In February 1994, the LRC submitted a report to the district court, stating that Jones had successfully completed the treatment program and recommending that Jones be released into the community while enrolled in an appropriate aftercare program.

In October 1994, Jones appeared before the district court, seeking reduction of his sentences as recommended by the LRC. Under Neb. Rev. Stat. § 29–2931 (Cum. Supp. 1994), the district court had the authority to (1) reduce Jones' sentences by placing him on probation with the condition that he enroll in an approved aftercare treatment program, (2) modify the original sentences to allow earlier eligibility for parole, or (3) deny redetermination of Jones' sentences.

The district court refused to resentence Jones under any of these options. The court ruled that based on this court's decision in *State v. Philipps*, 246 Neb. 610, 521 N.W.2d 913 (1994), § 29–2931 is unconstitutional. The district court found that the statute which purported to authorize the court to reduce or alter an otherwise valid and final sentence violated the separation of powers clause found in Neb. Const. art. II, § 1, by authorizing the judicial branch to exercise the commutation

powers of the executive branch. Jones contends that the district court erred in finding § 29–2931 unconstitutional.

The alleged unconstitutionality of a statute presents a question of law which must be determined by an appellate court independently from the conclusion reached by a trial court. *Philipps, supra.* See, *State v. Stott,* 243 Neb. 967, 503 N.W.2d 822 (1993); *State v. Schmailzl,* 243 Neb. 734, 502 N.W.2d 463 (1993). A statute is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality. *Philipps, supra.* A penal statute must be construed so as to meet constitutional requirements if such can reasonably be done. *Id.* The burden to clearly demonstrate that a statute is unconstitutional rests upon the party making the claim of unconstitutionality. *Stott, supra.*

In *Philipps,* we found unconstitutional Neb. Rev. Stat. § 29–2308.01 (Reissue 1989), which provided that the sentencing court may reduce a sentence it had previously imposed within 120 days after (1) the sentence was imposed or probation was revoked, or (2) the court received a mandate issued upon affirmance of the judgment or dismissal of the appeal. We held in *Philipps* that "a sentencing court which chooses to substitute a milder punishment for the sentence it had originally imposed does the very thing which defines an act of commutation." *Id.* at 616, 521 N.W.2d at 917. We further held that Neb. Const. art. IV, § 13, clearly entrusts the power of commutation to the executive department board, commonly known as the Board of Pardons, and that a statute empowering the judiciary to reduce sentences already imposed violates the separation of powers clause found in article II, § 1. *Philipps, supra.*

Pursuant to § 29–2931, the district court clearly has the power to substitute a milder punishment for a sentence that it has already imposed, which, as we have previously held, amounts to the commutation of a sentence. See *Philipps, supra.* The commutation of a sentence is a power entrusted to the executive branch of our state government. Article IV, § 13. See *Philipps, supra.* Article II, § 1, separates the powers of state government into three distinct departments, none of which shall exercise the powers belonging to the others. Section 29–2931

clearly permits the judicial branch to exercise the power of commutation, which belongs to the executive branch. Section 29-2931 is therefore unconstitutional.

The district court did not err, and thus Jones' sole assignment of error is without merit.

AFFIRMED.