STATE OF NEBRASKA, APPELLANT, V. DIANNE G. KELLEY, APPELLEE.

541 N.W.2d 645

Filed January 12, 1996.   No. S-95-300.

Vincent Valentino, Special Prosecutor, for appellant.

Rebecca K. Salmon and Denzel R. Busick, of Luebs, Leininger, Smith, Busick & Johnson, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ., and STEINKE, D.J.

CONNOLLY, J.

In this appeal, we are asked to decide whether the statutory scheme of Neb. Rev. Stat. §§ 28-1440 to 28-1446 (Reissue 1989), which provide licensing requirements for charitable solicitors, constitutes an unconstitutional prior restraint on free speech.

The special prosecutor appointed by the Hall County Attorney has filed error proceedings in this court pursuant to Neb. Rev. Stat. §§ 29-2315.01 to 29-2316 (Reissue 1989 & Cum. Supp. 1994), taking exception to the determination of the district court for Hall County that §§ 28-1440 to 28-1446 were unconstitutional; that the motion to quash by the appellee,

Dianne G. Kelley, was the correct method of challenging the facial validity of the statutory scheme of §§ 28-1440 to 28-1446; that Kelley had standing to challenge the constitutionality of the statutes; and that Kelley was not required to notify the Attorney General of her constitutional challenge. We overrule the State's exceptions and affirm the district court's rulings on each of these assignments of error because §§ 28-1440 to 28-1446 are prior restraints of speech and, therefore, unconstitutional.

## FACTUAL BACKGROUND

The Hall County Attorney requested that a special prosecutor be appointed for the purpose of investigating allegations involving violations of open meeting laws, conflicts of interest, accountability and disclosure violations, and misuse of official information by employees and city council members of the city of Grand Island. The special prosecutor discovered that Kelley, apparently an employee of the city, had raised funds for a celebration during the dedication of the Grand Island city hall building by soliciting contributions from people outside of Hall County. The special prosecutor filed an amended complaint on behalf of the State against Kelley, complaining that her solicitation of funds outside of Hall County for the city hall dedication violated § 28-1445, which provides: "Any person so soliciting for himself or for any organization, corporation, association or institution that shall not previously have complied with the provisions of sections 28-1440 to 28-1446 shall be guilty of a Class I misdemeanor." Section 28-1440 provides in relevant part the following registration requirements for a charitable solicitor:

> Any person, organization, corporation, association or institution, either resident or nonresident of this state, which solicits funds in any county of this state other than where its home office is located, shall first obtain a letter of approval from the county attorney of the county in which its home office is located, which letter shall be forwarded to the Secretary of State together with a fee of one dollar. Upon receipt of such letter and fee by the Secretary of State, he shall issue a certificate granting the

privilege of soliciting throughout the state for the balance of such calendar year.

In response, Kelley filed a plea in abatement and a motion to quash, and the State demurred to both motions. The county court sustained the State's demurrer with regard to the plea in abatement, but denied the demurrer to the motion to quash.

After hearing arguments on the motion to quash, the county judge for Hall County sustained the motion to quash with respect to paragraphs 6, 7(a), 7(b), and 7(g), which challenged the statutory scheme of §§ 28–1440 to 28–1446 on the grounds of vagueness and overbreadth, and of having a "chilling effect on rights guaranteed by the First Amendment."

The court found that "the defendant does have standing to challenge the constitutionality of Neb. Rev. Stat. 28–1440 et seq. (Reissue 1989), and further, that the statutory scheme enunciated therein is not constitutional. Freedman vs. Maryland, 380 U.S. 51 (1965); Riley vs. National Federation of the Blind, 487 U.S. 781 (1988)." The county court judge overruled the motion to quash with respect to all other paragraphs.

The State instituted error proceedings to the district court for Hall County citing as error the county court's conclusions that (1) count II of the amended complaint was unconstitutional on its face, (2) Kelley did not have to give notice to the Attorney General of these proceedings, (3) Kelley had the requisite standing to raise the issue of the unconstitutionality of the statutory scheme embracing § 28–1445, (4) the statutory scheme of §§ 28–1440 to 28–1446 was violative of the First Amendment to the U.S. Constitution, and (5) a motion to quash was the proper way to raise a First Amendment challenge to a statute.

After the district court affirmed the county court's judgment, the State initiated error proceedings from the decision of the district court pursuant to §§ 29–2315.01 to 29–2316.

## ASSIGNMENTS OF ERROR

The State assigns as error the lower courts' rulings that (1) Kelley has standing to assert the unconstitutionality of §§ 28–1440 to 28–1446, (2) the appropriate method to

challenge the constitutionality of §§ 28–1440 to 28–1446 is by a motion to quash, (3) Kelley was not required to give notice to the Attorney General of her intention to challenge the constitutionality of §§ 28–1440 to 28–1446, and (4) the statutory scheme of §§ 28–1440 to 28–1446 is violative of the First Amendment to the U.S. Constitution as an unconstitutional prior restraint of protected speech.

## SCOPE OF REVIEW

Whether a statute is constitutional is a question of law; accordingly, the Nebraska Supreme Court is obligated to reach a conclusion independent of the decision reached by the trial court. *Chrysler Motors Corp. v. Lee Janssen Motor Co.*, 248 Neb. 322, 534 N.W.2d 309 (1995); *Proctor v. Minnesota Mut. Fire & Cas.*, 248 Neb. 289, 534 N.W.2d 326 (1995); *Boll v. Department of Revenue*, 247 Neb. 473, 528 N.W.2d 300 (1995).

## ANALYSIS

We begin by noting that the solicitation of charitable contributions is speech protected under the First Amendment. See, *Riley v. National Federation of Blind*, 487 U.S. 781, 108 S. Ct. 2667, 101 L. Ed. 2d 669 (1988); *Schaumburg v. Citizens for Better Environ.*, 444 U.S. 620, 100 S. Ct. 826, 63 L. Ed. 2d 73 (1980). Before reaching the constitutional issues, however, we must discuss the preliminary matters of the jurisdiction of this court, the procedure used by Kelley, and the standing of Kelley to attack the constitutionality of §§ 28–1440 to 28–1446.

### JURISDICTION

The State claims that Kelley does not have standing to challenge the constitutionality of the statute because she did not give notice to the Attorney General, pursuant to Neb. Rev. Stat. § 25–21,159 (Reissue 1989), of her intent to challenge the constitutionality of a criminal statute. Although the State expresses its challenge in terms of Kelley's standing, the real issue is whether Kelley's failure to notify the Attorney General of her constitutional challenge prevents this court from obtaining jurisdiction over the claim.

As a preliminary matter we should note that it is not within the province of the courts to read a meaning into a statute that is not there or to read anything direct and plain out of a statute. *Nebraska Life & Health Ins. Guar. Assn. v. Dobias*, 247 Neb. 900, 531 N.W.2d 217 (1995); *Dillard Dept. Stores v. Polinsky*, 247 Neb. 821, 530 N.W.2d 637 (1995). Furthermore, interpretation of statutes presents questions of law, in connection with which an appellate court has the obligation to reach an independent conclusion irrespective of the decision made by the court below. *Sylvis v. Walling*, 248 Neb. 168, 532 N.W.2d 312 (1995); *Nebraska Life & Health Ins. Guar. Assn. v. Dobias, supra*; *Rust v. Buckler*, 247 Neb. 852, 530 N.W.2d 630 (1995).

The State argues that Kelley was required to notify the Attorney General of her constitutional challenge pursuant to § 25-21,159. The statute provides:

> *When declaratory relief is sought*, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and *if the statute, ordinance or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard.*

(Emphasis supplied.)

This statute does not bar this court's jurisdiction over Kelley's claim. Section 25-21,159 appears in the Nebraska Revised Statutes at chapter 25, entitled "Courts; Civil Procedure"; article 21, entitled "Actions and Proceedings in Particular Cases"; subsection (j), which applies specifically to declaratory judgments.

Furthermore, the first phrase of the statute reads "[w]hen declaratory relief is sought." Effect must be given, if possible, to all the several parts of a statute; no sentence, clause, or word should be rejected as meaningless or superfluous if it can be avoided. *George Rose & Sons v. Nebraska Dept. of Revenue*, 248 Neb. 92, 532 N.W.2d 18 (1995); *State ex rel. Perkins Cty.*

*v. County Superintendent*, 247 Neb. 573, 528 N.W.2d 340 (1995); *Wilson v. Misko*, 244 Neb. 526, 508 N.W.2d 238 (1993). As the introduction to the statute, the phrase "[w]hen declaratory relief is sought" should be read to include all of the language which follows thereafter.

Therefore, in order for § 25-21,159 to apply, this action must be for declaratory relief. See *Howard v. City of Lincoln*, 243 Neb. 5, 497 N.W.2d 53 (1993) (recognizing that this court was precluded from considering any constitutional attacks of declaratory nature because plaintiff failed to serve Attorney General with copy of proceeding). However, this action is not for declaratory judgment. Declaratory judgments "resolve uncertainties and controversies before obligations are repudiated, rights are invaded or wrongs are committed." 22A Am. Jur. 2d *Declaratory Judgments* § 1 (1988). If, as Kelley contends, § 28-1440 is unconstitutional, her rights have been invaded by a prosecution pursuant to an invalid statute. Therefore, her request is not for declaratory relief, and § 25-21,159 does not apply.

Applying § 25-21,159 only to declaratory judgment actions is consistent with this court's treatment of the statute in previous cases. Kelley correctly asserts that no reported criminal cases have denied a defendant the opportunity to present a constitutional question to this court because the defendant failed to follow the provisions of § 25-21,159. Furthermore, this court has never raised § 25-21,159 on its own motion to bar consideration of a constitutional question in a criminal case.

However, a criminal defendant is subject to Neb. Ct. R. of Prac. 9E (rev. 1992), which requires a party challenging the constitutionality of a statute to file a copy of the brief assigning unconstitutionality with the Attorney General within 5 days of the filing of the brief with the Clerk of the Supreme Court. See *State v. McDowell*, 246 Neb. 692, 522 N.W.2d 738 (1994). As Kelley complied with the requirements of rule 9E, the rule presents no bar to this court's consideration of Kelley's constitutional challenge.

We hold that § 25-21,159 does not apply in this case. Therefore, this court has jurisdiction over Kelley's claim.

## MOTION TO QUASH

The State objects to Kelley's use of a motion to quash to challenge the constitutionality of the statutory certification scheme. The State argues that Kelley's claim should be brought under a not guilty plea, rather than a motion to quash.

Under Nebraska law, a motion to quash is a proper procedural method for challenging the facial validity of a statute. Neb. Rev. Stat. § 29–1808 (Reissue 1989) provides, "A motion to quash may be made in all cases when there is a defect apparent upon the face of the record, including defects in the form of the indictment or in the manner in which an offense is charged." Consequently, this court has held that if a defect is on the face of a statute, a motion to quash is the proper method to challenge its constitutionality. *State v. Valencia*, 205 Neb. 719, 290 N.W.2d 181 (1980) (denying facial challenge to concealed weapons statute).

However, this court has held that a motion to quash is not appropriate when attacking the constitutionality of a statute as applied. *State v. Saulsbury*, 243 Neb. 227, 498 N.W.2d 338 (1993). Nevertheless, *Saulsbury* held that if no other evidence is needed in order to sustain the challenge to the statute, a motion to quash is the appropriate procedural device.

In the case at bar, we conclude that no evidence is needed to rule on the constitutionality of the statutory scheme. Kelley asserts that the statute is invalid because it places "unbridled discretion" in the hands of the county attorney, thereby violating the First Amendment. Brief for appellee at 8. If the statute does, in fact, allow "unbridled discretion," it has no valid application. A challenge to a statute, asserting that no valid application of the statute exists because it is unconstitutional on its face, is a facial challenge. See *United States v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987) (holding that facial challenge to legislative act is most difficult challenge to mount successfully, because challenger must establish that no set of circumstances exists under which Act would be valid).

The State argues that Kelley's challenge is really to the statute as applied; therefore, the testimony of the Hall County Attorney is necessary in order to determine the validity of the statute. However, even if Kelley's challenge were to the statute

as applied, the county attorney's interpretation of the statute is not dispositive. This court must judge the constitutionality of an act of the Legislature not necessarily by what has been done or possibly may be done under it, but by what the statute authorizes to be done under its provisions. *State ex rel. Bouc v. School Dist. of City of Lincoln*, 211 Neb. 731, 320 N.W.2d 472 (1982). Therefore, this court must evaluate what the county attorney may do under the provisions of § 28-1440. If the language of § 28-1440 authorizes the exercise of unlimited discretion on the part of the county attorney, this court needs no other evidence of constitutional insufficiency.

### STANDING

Kelley mounts a facial challenge to this statute as an unconstitutional licensing scheme which violates her rights under the First Amendment to the U.S. Constitution. The State argues that Kelley does not have standing to challenge the constitutionality of the statute because her conduct is clearly prohibited by the statute. See, *State v. Pierson*, 239 Neb. 350, 476 N.W.2d 544 (1991); *State v. Kipf*, 234 Neb. 227, 450 N.W.2d 397 (1990). However, Kelley contends that she has standing to challenge the statute on the ground that it delegates overly broad licensing discretion to the county attorney. See, *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990); *Freedman v. Maryland*, 380 U.S. 51, 85 S. Ct. 734, 13 L. Ed. 2d 649 (1965); *State v. Kipf, supra*.

This court has recognized that the traditional rule of standing applies to First Amendment challenges to a statute on the ground of vagueness: one who has engaged in conduct which is clearly prohibited by the questioned statute cannot complain that the statute is vague when applied to the conduct of others. *State v. Walton*, 246 Neb. 893, 523 N.W.2d 699 (1994); *State v. Kipf, supra* (citing *State v. Burke*, 225 Neb. 625, 408 N.W.2d 239 (1987)). Section 28-1440 requires those who solicit outside their home county to obtain a certificate before soliciting, and Kelley failed to do so. Because her conduct was clearly proscribed by the statute, she does not have standing to challenge the statute as vague. However, our inquiry does not end here, as vagueness, overbreadth, and the unbridled

discretion of an administrative decisionmaker are distinct concepts which provide independent grounds for standing. See, *State v. Pierson, supra*; *State v. Kipf, supra*.

Kelley may challenge the facial validity of §§ 28–1440 to 28–1446 as vesting unbridled discretion in the county attorney. Although facial challenges to legislation are generally disfavored, they have been permitted in the First Amendment context where the licensing scheme vests unbridled discretion in the decisionmaker and where the regulation is challenged as overbroad. *FW/PBS, Inc. v. Dallas, supra*. See, also, *State v. Kipf, supra* (citing *New York State Club Assn. v. New York City*, 487 U.S. 1, 108 S. Ct. 2225, 101 L. Ed. 2d 1 (1988)). This rule of standing is justified as a way to protect those who desire to engage in legally protected expression but who may refrain from doing so rather than risk prosecution or undertake to have the law declared partially invalid. *State v. Kipf, supra* (citing *Airport Comm'rs v. Jews for Jesus, Inc.*, 482 U.S. 569, 107 S. Ct. 2568, 96 L. Ed. 2d 500 (1987)).

Although Kelley's failure to obtain a certificate was in violation of § 28–1440, she may challenge the facial constitutionality of the statute as vesting the county attorney with unbridled discretion. Furthermore, under this rule of standing, Kelley may challenge the constitutionality of the entire statutory scheme even though she was prosecuted only for violating § 28–1445. See *Freedman v. Maryland, supra*.

## Prior Restraint

As previously stated, solicitation of charitable contributions is speech protected under the First Amendment. *Riley v. National Federation of Blind*, 487 U.S. 781, 108 S. Ct. 2667, 101 L. Ed. 2d 669 (1988); *Schaumburg v. Citizens for Better Environ.*, 444 U.S. 620, 100 S. Ct. 826, 63 L. Ed. 2d 73 (1980). Furthermore, when a state enacts a statute requiring periodic licensing of speakers, at least when the law is directly aimed at speech, it is subject to First Amendment scrutiny to ensure that the licensor's discretion is suitably confined. *Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750, 108 S. Ct. 2138, 100 L. Ed. 2d 771 (1988).

Governmental action constitutes a prior restraint when it is

directed to suppressing speech because of its content before the speech is communicated. *City of Lincoln v. ABC Books, Inc.*, 238 Neb. 378, 470 N.W.2d 760 (1991). While prior restraints are not unconstitutional per se, they bear a heavy presumption against constitutional validity. *J.Q. Office Equip. v. Sullivan*, 230 Neb. 397, 432 N.W.2d 211 (1988) (citing *Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 95 S. Ct. 1239, 43 L. Ed. 2d 448 (1975)).

The U.S. Supreme Court has struck down statutory schemes in which there are little or no limitations on the administrative decisionmaker. The Court has recognized two evils that will not be tolerated in schemes of prior restraint. First, the Court condemns schemes that place " 'unbridled discretion in the hands of a government official' " because they may result in censorship. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 225, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990). In *FW/PBS, Inc.*, the Court said:

> " ' "It is settled by a long line of recent decisions of this Court that an ordinance which . . . makes the peaceful enjoyment of freedoms which the Constitution guarantees contingent upon the uncontrolled will of an official—as by requiring a permit or license which may be granted or withheld in the discretion of such official—is an unconstitutional censorship or prior restraint upon the enjoyment of those freedoms." ' "

493 U.S. at 226 (citing *Shuttlesworth v. Birmingham*, 394 U.S. 147, 89 S. Ct. 935, 22 L. Ed. 2d 162 (1969)).

Second, the Court condemns a prior restraint that fails to place limits on the time within which the decisionmaker must issue the license. In *Freedman v. Maryland*, 380 U.S. 51, 85 S. Ct. 734, 13 L. Ed. 2d 649 (1965), the Court held that failure to place limitations on the time within which a censorship board decisionmaker must make a determination of obscenity is a species of unbridled discretion. When a scheme creates a " '[r]isk of delay' . . . such that 'every application of the statute create[s] an impermissible risk of suppression of ideas,' " facial challenges are permitted. *FW/PBS, Inc. v. Dallas*, 493 U.S. at 223–24. A licensing scheme failing to provide for definite limitations on the time within which the license must be issued

is impermissible, because " 'delay compel[s] the speaker's silence.' " 493 U.S. at 226 (citing *Riley v. National Federation of Blind, supra*).

Kelley challenges the constitutionality of §§ 28–1440 to 28–1446, which require certification before solicitation of funds is allowed outside one's home county. As previously stated, § 28–1440 requires a person or organization desiring to solicit funds outside its home county to send a letter of approval obtained from the county attorney of its home county to the Secretary of State along with a fee of $1. After receiving the letter, the Secretary of State is required to issue a certificate granting the privilege of soliciting outside the home county for 1 year.

The State argues that there is no discretion contained in § 28–1440, because the statute indicates that the Secretary of State "shall" issue a certificate granting the privilege of soliciting. While this is true with regard to the Secretary of State, the State neglects to mention the other phase of the process. The statute requires a registrant to obtain a "letter of approval from the county attorney in which [its] home office is located." There is no language that limits the county attorney's conduct.

Section 28–1440 fails because it contains both of the impermissible elements of a prior restraint. First, the issuance of a letter is subject to the whim of a county attorney. Section 28–1440 sets forth no standards to limit the county attorney's discretion. In effect, the county attorney may either refuse or neglect to act upon an application, meanwhile stifling protected speech. Nor are there any provisions for judicial review if any request for a letter from the county attorney is denied. Section 28–1440 places protected First Amendment activity, charitable solicitations, in jeopardy of being arbitrarily suppressed.

The second impermissible element of a prior restraint scheme inherent in § 28–1440 is the lack of time limits within which the county attorney must make a decision to issue a letter. There is far too grave a danger of suppression of ideas when the licensor is given no time limits within which to make his decision. *FW/PBS, Inc. v. Dallas, supra*. Section 28–1440 would allow a county attorney to refuse to take any action upon

an application by simply indefinitely postponing the issuance of a letter, while stifling protected speech.

### TIME, PLACE, AND MANNER REGULATION

The State argues that it is free to impose content–neutral time, place, and manner restrictions on charitable solicitations. The State correctly asserts that protected speech may be subject to reasonable time, place, and manner restrictions, see *Heffron v. Int'l Soc. for Krishna Consc.*, 452 U.S. 640, 101 S. Ct. 2559, 69 L. Ed. 2d 298 (1981), and that licensing requirements are permissible in the context of charitable solicitations, see *Riley v. National Federation of Blind*, 487 U.S. 781, 108 S. Ct. 2667, 101 L. Ed. 2d 669 (1988).

However, a statute which contains the risk of arbitrary application is " 'inherently inconsistent with a valid time, place, and manner regulation because such discretion has the potential for becoming a means of suppressing a particular point of view.' " *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 130, 112 S. Ct. 2395, 120 L. Ed. 2d 101 (1992). As stated earlier, § 28–1440 contains no adequate standards to proscribe the exercise of the county attorney's discretion. Absent such standards, those wishing to solicit charitable contributions may be completely silenced by the county attorney. Section 28–1440 contains the risk of arbitrary suppression of the speech of those soliciting charitable contributions; thus, it is inherently inconsistent with valid time, place, and manner restrictions.

Because the Hall County Attorney has no standards to prevent her from suppressing speech, §§ 28–1440 to 28–1446 have no valid application and, in the absence of standards, cannot be salvaged.

### CONCLUSION

The statutory scheme of §§ 28–1440 to 28–1446 places no limitation on the exercise of the county attorney's discretion in issuing the letters which enable persons or organizations to solicit outside their home county. As this presents a grave danger of suppressing protected speech, it cannot stand. The State's exceptions are overruled, and the Hall County district court's ruling affirming the county court is affirmed.

EXCEPTIONS OVERRULED.