REQUESTED BY: Lisa M. Perry, Administrative Assistant Nebraska Board of Pardons
You have asked several question regarding the restoration of civil rights for an individual convicted of a crime. We will attempt to address each question separately.
1. You first ask what are civil rights pursuant to Neb. Rev. Stat. §§ 29-2264 (Cum. Supp. 1994) or 83-1,118 (1994).
Section 29-2264 applies to individuals on probation and states:
 Whenever any person is placed on probation by a court and satisfactorily completes the conditions of his or her probation for the entire period thereof or who is discharged from probation prior to the termination of the period thereof, the sentencing court shall issue an order releasing the offender from probation and such order shall in all felony cases restore the offender's civil rights.
Section 83-1,118 states:
 Whenever any committed offender has completed the lawful requirements of the sentence, the director [of corrections] shall issue a certificate of discharge to the offender, and the certificate shall restore the civil rights of the offender.
The state statutes address loss of civil rights only in relation to a felony conviction. The civil rights affected by a felony conviction are set out in Neb. Rev. Stat. § 29-112
(1989) which states: "Any person sentenced to be punished for any felony, when sentence shall not have been reversed or annulled, shall be deemed incompetent to be an elector or juror, or to hold any office of honor, trust, or profit within the state. . ."
Additionally, Neb. Rev. Stat. § 28-1206 (Supp. 1995) makes it a felony for a convicted felon to possess any firearm or brass or iron knuckles. Other statutes preclude persons convicted of felonies from holding certain licenses. See, e.g., Neb. Rev. Stat. §§ 53-125(4) (1993) and 71-147(4) (Cum. Supp. 1994).
2. You next ask what rights a person has when he/she completes a sentence of probation or incarceration and is discharged pursuant to Neb. Rev. Stat. § 29-2264 or §83-1,118.
A person convicted of a crime would retain all his/her rights except those specifically revoked by statute. As set out above, upon conviction of a felony, an individual loses the right to vote, to be a juror, to hold any office of honor, trust, or profit within the state, and the right to possess those weapons described in § 28-1206. These rights may only be restored through granting of a pardon. The mere completion of a sentence does not restore any rights lost because of the conviction.
It should be noted that in State v. Illig,237 Neb. 598, 611, 467 N.W.2d 375, 384 (1991), the Nebraska Supreme Court upheld a conviction for possession of a firearm, adopting the argument that the right to possess firearms by a felon is not automatically obtained with a pardon.
3. You next ask, if a person's conviction is "set aside" following completion of a probationary term pursuant to §29-2264, whether the effect would be equivalent to the receipt of a pardon issued by the Nebraska Board of Pardons. Our answer is "no."
Article II, § 1 of the Nebraska Constitution provides for the separation of powers and prohibits one branch of government from exercising the powers of another branch.
 The powers of the government of this state are divided into three distinct departments, the Legislative, Executive and Judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted.
The Nebraska Board of Pardons is a part of the executive branch of government. See Johnson v. Cunningham v.Exon, 199 Neb. 154, 158, 256 N.W.2d 869, 871 (1977);Campion v. Gillan, 79 Neb. 364, 367, 112 N.W. 585,586-587 (1907).
The Nebraska Constitution vests clemency power in the three-member Board of Pardons.
 The Governor, Attorney General and Secretary of State, sitting as a board, shall have power to remit fines and forfeitures and to grant respites, reprieves, pardons, or commutations in all cases of conviction for offenses against the laws of the state, except treason and cases of impeachment.
Neb. Const. art. IV, § 13.
In Otey v. State, 240 Neb. 813, 485 N.W.2d 153
(1992), the Nebraska Supreme Court addressed the question of whether any entity other than the Board of Pardons could exercise clemency authority.
 We have long held that the exercise of clemency authority "is not a right given for a consideration to the individual by the legislature, but a free gift from the supreme authority, confided to the chief magistrate, and to be bestowed according to his own discretion." (Emphasis supplied.) Pleuler v. The State, 11 Neb. 547, 575, 10 N.W. 481, 489 (1881). See, also, Campion v. Gillan, 79 Neb. 364, 112 N.W. 585 (1907). At the time of that holding, the pardon powers were vested solely in the Governor. They are now vested in the Board of Pardons.
. . .
 Article IV, § 13, of the Nebraska Constitution entrusts the clemency power exclusively in the executive branch of government. Accordingly, the judicial branch of government may not interfere with the Board of Pardon's exercise of that power.
Id. at 824-825, 485 N.W.2d at 163.
"A pardon is an act of grace proceeding from the power intrusted with the execution of the laws, which exempts the individual on whom it is bestowed from the punishment the law inflicts for a crime he has committed . . . . declaring of record that a particular individual is to be relieved of the legal consequences of a particular crime." 67A CJS Pardon Parole § 3 at 6.
Pursuant to Neb. Rev. Stat. § 29-112, one of the legal consequences of a felony conviction is the loss of certain civil rights.
The pardoning power is vested in the Board of Pardons by the state constitution. The restoration of civil rights is encompassed within a pardon. Thus, the restoration of civil rights is part of the pardoning power which is vested in the Board of Pardons.
In Otey, supra, the Nebraska Supreme Court held that "Article IV, § 13, of the Nebraska Constitution entrusts the clemency power exclusively in the executive branch of government. Accordingly, the judicial branch of government may not interfere with the Board of Pardons' exercise of that power." 240 at 825. See also State v.Jones, 248 Neb. 117, 119, 532 N.W.2d 293, 295 (1995). Similarly, the legislative branch of government may not interfere with that power constitutionally entrusted to the Board of Pardons.
Neb. Const. art. II, § 1 prohibits one department of government from encroaching on the duties and prerogatives of the others or from improperly delegating its own duties and prerogatives, except as the Constitution itself otherwise directs or permits. See Otey, supra.
Since only the Board of Pardons may restore civil rights lost through a felony conviction, the "set aside" of a conviction pursuant to Neb. Rev. Stat. § 29-2264 would not restore any civil rights lost through a felony conviction.
Similarly, the legislature cannot legislate the restoration of civil rights as Neb. Rev. Stat. § 83-1,118 purports to do. Neither can the legislature direct the Board of Pardons in exercising its duties by passing legislation that states that the Board shall restore civil rights to any person or group of people. To do so would be a violation of the separation of powers of the state constitution.
The authority to commute a sentence or restore civil rights lost through conviction is vested in the Board of Pardons by the Nebraska Constitution. Only the Board of Pardons may exercise these functions. Any attempt by the judicial or legislative branches of government to exercise these functions would be a violation of the constitutional separation of powers.
Sincerely,
 DON STENBERG Attorney General
 Linda L. Willard Assistant Attorney General
Approved By:
Don Stenberg
Attorney General