REQUESTED BY: Governor Mike Johanns
You have asked this office to examine the constitutionality of Legislative Bill 76, 96th Legislature, First Session (1999), a bill passed on May 20, 1999, by the Nebraska Legislature. The bill provides for a two year moratorium on "execution of a death sentence" for Nebraska prisoners lawfully sentenced to death. We conclude that the moratorium provisions of LB 76 are an unconstitutional attempt by the legislature to usurp powers granted by the Nebraska Constitution to the executive branch. Specifically, LB 76 infringes upon the powers reserved in the Nebraska Constitution to the Board of Pardons.
First, we recognize that legislative enactments are presumed constitutional and that all reasonable doubts will be resolved in favor of the constitutionality of a measure. State v. Jones,248 Neb. 117, 532 N.W.2d 293 (1995); State v. Atkins,250 Neb. 315, 545 N.W.2d 159 (1996). In this instance, however, this presumption quickly fades as the text of this bill is examined.
For many years the Nebraska Supreme Court has scrupulously protected the three branches of government from intrusions by the other branches. In State v. Philipps, 246 Neb. 610, 614,521 N.W.2d 913 (1994), the court emphasized that "Neb. Const. art. II, § 1, prohibits one department of government from encroaching on the duties and prerogatives of the others or from improperly delegating its own duties and prerogatives, except as the Constitution itself otherwise directs or permits." See alsoState v. Jones, 248 Neb. 117, 532 N.W.2d 293 (1995); State v.Bainbridge, 249 Neb. 260, 543 N.W.2d 154 (1996); Otey v.State, 240 Neb. 813, 485 N.W.2d 153 (1992). With this backdrop, we begin our analysis.
LB 76 attempts to preclude the Nebraska Supreme Court from "appoint[ing] a day certain for the execution of a death sentence that falls during the period beginning on the effective date of this act and ending on September 1, 2001." This language is intended to supplement Neb. Rev. Stat. § 29-2528, part of Nebraska's death penalty statutory scheme. Currently, this statute reads, in particular part:
 In all cases when the death penalty has been imposed by the district court, the Supreme Court shall, after consideration of the appeal, order the prisoner to be discharged, a new trial be had, or appoint a day certain for the execution of the sentence.
Neb. Rev. Stat. § 29-2528 (emphasis added). By forbidding the Supreme Court from setting an execution date, the legislature attempts to prevent the death penalty from being carried out during the moratorium period. This moratorium, however, is a legislative attempt to give Nebraska death row inmates a two year reprieve and is therefore unconstitutional.
A reprieve is defined as "[t]emporary relief from or postponement of execution of criminal punishment or sentence. It does no more than stay the execution of a sentence for a time. . . ." Black's Law Dictionary, 6th Ed., 1302 (1990). Furthermore, "where the power to grant reprieves is vested expressly or impliedly in the chief executive or a board of pardons, such power is exclusive."67A C.J.S. § 30 See also In reHyde, 192 So. 159, 140 Fla. 494 (1939); Judges, 104 P.2d 726,70 Okl.Cr. 83 (1940); Gregory v. Pate, 203 N.E.2d 425,31 Ill.2d 592 (1964); Dunbar v. District Court of TwentiethJudicial Dist., 502 P.2d 420, 180 Colo. 107 (1972).
The Nebraska Constitution, expressly vests the power of reprieve in a three member board:
 The Governor, Attorney General and Secretary of State, sitting as a Board, shall have the power to remit fines and forfeitures and to grant respites, reprieves, pardons or commutations in all cases of conviction for offenses against the laws of this state, except treason and cases of impeachment.
Neb. Const. art. IV, § 13 (emphasis added). This language is of paramount importance to the issue presented. It is an express reservation of powers. The Nebraska Board of Pardons is part of the executive branch of the government. See Johnson Cunninghamv. Exon, 199 Neb. 154, 158, 256 N.W.2d 869, 871 (1977). Moreover, this executive board is constitutionally granted complete discretion as to whether a reprieve, or any other type of clemency, may be given. Neb. Const. art. II, § 1; Otey v.State, 240 Neb. 813, 485 N.W.2d 153 (1992). Neither the judiciary, nor the legislature can interfere with or expropriate these executive functions. Id.[1] As we noted in Op. Atty. Gen. No. 95026, "The Legislature cannot reduce final sentences without invading the province of the Judicial Branch and of the Board of Pardons within the Executive Branch."
Some may argue that a "moratorium" passed by the legislature on the execution of death sentences is not reprieve. However, substituting the word "moratorium" for reprieve is not sufficient to change the Constitution. This backdoor attempt to do what the front door will not permit must fail. The Nebraska Supreme Court has made it clear that the functions of the Board of Pardons are off limits to the legislature. See Otey v. State, 240 Neb. 813,485 N.W.2d 153 (1992); State v. Philipps, 246 Neb. 610, 614,521 N.W.2d 913, 916 (1994); State v. Jones, 248 Neb. 117,532 N.W.2d 293 (1995); State v. Bainbridge, 249 Neb. 260,543 N.W.2d 154 (1996); Op. Atty Gen. No. 96067, 96023, 95026.
Some might further argue that the moratorium in LB 76 is not a reprieve because there are currently no execution dates set in Nebraska. However, even if no execution dates are pending before the Nebraska Supreme Court, the legislature has overstepped its authority. For example, the Nebraska Supreme Court currently has a case pending which could soon result in the setting of an execution date. State v. Reeves, S99-0064. This case could be decided at any time, and if the Supreme Court is precluded from setting an execution date due to LB 76, the law would clearly be functioning as a legislative reprieve. In a facial challenge to the constitutionality of a statute, the statute's validity is tested by what the statute authorizes to be done under its provisions rather than by what has or may be done under it.State v. Kelley, 249 Neb. 99, 107, 541 N.W.2d 645 (1996).
The whole purpose of the legislative moratorium is to temporarily (for 2 years) postpone the carrying out of executionsthat would otherwise occur during that time. This is the very essence of a "reprieve" which may only be granted by the Board of Pardons.
In State v. Jones, 248 Neb. 117, 118-19,532 N.W.2d 293 (1995), the court considered a state statute that allowed a district court to change its own previously imposed sentence to a milder penalty. However, in a unanimous decision the Nebraska Supreme Court held that since section "29-2931 clearly permits the judicial branch to exercise the power of commutation, which belongs to the executive branch . . ." it is "unconstitutional." "The commutation of a sentence is a power entrusted to the executive branch of our state government." Id. The judicial branch may temporarily suspend sentence during the appellate process in order to carry out its judicial functions, Otey v.State, 240 Neb. 813, 485 N.W.2d 153 (1992), and the Pardons Board may commute, pardon, grant a respite or reprieve. Neb. Const. Art. IV, § 13. However, the legislature may not exercise these powers.
As we cautioned in a 1996 opinion with regard to whether the Board of Pardons could commute a death sentence to life without parole,
 As you consider `possible legislation in this area', you may wish to bear in mind that where a state constitution fixes the power to pardon, that power is not subject to legislative control except as provided by the constitution itself.
Op. Atty. Gen. No. 96063. See also The Laura, 114 U.S. 411
(1884); Schick v. Reed, 419 U.S. 256, (1974); 59 Am. Jur. 2d § 31 (1987).
Those who wrote our state constitution separated the various functions of government, leaving execution of the laws to the executive; interpretation of the laws to the judiciary; and passage of laws to the legislature. Furthermore, in article II, § 1, they prohibited one branch of government from encroaching on the duties and prerogatives of the other or from improperly delegating its own duties and prerogatives, except as the constitution permits or directs. Finally, the framers of our Constitution gave the sole authority to grant reprieves to the Board of Pardons. It is upon the authority of the Nebraska Constitution, and interpretations of the same by the Nebraska Supreme Court, that this office is compelled to conclude that Legislative Bill 76 is unconstitutional.
Sincerely,
 Don Stenberg Attorney General
jc-03
[1] We note that the terms reprieve and respite are often used synonymously. Even if LB 76 granted a respite, it is still an unconstitutional act. Respite powers are also given wholly to the Board of Pardons. See Neb. Const. Art. IV, § 13.