STATE OF NEBRASKA, APPELLEE, V.
DEBRA BEYER, APPELLANT.
619 N.W. 2d 213

Filed November 9, 2000.   No. S-99-698.

Timothy M. Schulz, of Yost, Schafersman, Lamme, Hillis, Mitchell, Schulz & Twidwell, P.C., for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

Debra Beyer was convicted in Dodge County Court of theft of lost or mislaid property under Neb. Rev. Stat. § 28-514 (Reissue 1995). Beyer appealed her conviction to the Dodge County District Court. The district court affirmed Beyer's conviction. Beyer appeals, claiming the district court erred in determining that § 28-514 is constitutional on its face and as applied, and in determining that there was sufficient evidence to support the county court's finding of guilt. We moved this case to our docket pursuant to our power to regulate the Nebraska Court of Appeals' caseload and that of this court. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## BACKGROUND

On July 20, 1998, Beyer, a student at Bahner College of Hairstyling, found a cellular telephone on a curb near the intersection of Platte Street and Military Avenue in Fremont, Nebraska. Beyer took the telephone to her residence at the college and attempted to use it. The telephone did not work, and Beyer believed the battery was dead. The next day, Beyer offered to sell the telephone to a fellow student, Angela Victor, for $50. On July 24, Victor offered Beyer $40 for the telephone, which Beyer accepted. After purchasing the telephone, Victor and her boyfriend became suspicious that the telephone was stolen because of the low price at which Beyer had sold it. Later that day, they took the telephone to a Cellular One store to have the telephone's "history checked."

A Cellular One employee determined the telephone had been reported stolen and called the police. A police officer arrived at the Cellular One store, and Victor told the officer that she had

purchased the telephone from Beyer, a fellow student at the college. Denise Winter, who had reported her cellular telephone stolen on July 19, 1998, came to the store and identified the telephone as hers.

The officer then contacted Beyer at her residence. Beyer initially denied ever having the telephone or selling it to Victor, but later admitted that she found the telephone on the street, took it home, and attempted to use it. Even though the telephone did not work, Beyer believed the telephone was too nice to give away, so she decided to sell it to get money with which to pay bills. The officer asked Beyer if she was aware that not making a reasonable effort to locate the owner of lost property was theft. Beyer replied that she was not aware of that fact. When asked why she did not contact the police about finding the telephone, Beyer stated that she had never thought about it.

Beyer then provided the officer with the following handwritten statement:

> On July 20, 1998 I was leaving my friend Sarah's house on Plate [sic] and Military St. - We were with Brenda in her car we were going to go drive around and we noticed a black bag phone on the corner of Platte so we stoped [sic] and picked it up - we went to the Bahner dorms where I live and plugged it in to see if it worked and it didn't - I figured that the battery was dead so I didn't think anything about it - well I decided to sell it to one of the girlses [sic] boyfriends at school cuz [sic] I don't have a car and therefor [sic] have no use for it and it was so nice I didn't plan on just giving it away - I never even thought about calling the cops and reporting it - I just thought I'd use the money to pay off one of my many bills.

Beyer was charged in Dodge County Court with theft of lost or mislaid property in violation of § 28-514. This section provides in relevant part:

> A person who comes into control of property of another that he or she knows to have been lost, mislaid, or delivered under a mistake as to the nature or amount of the property or the identity of the recipient commits theft if, with intent to deprive the owner thereof, he or she fails to

take reasonable measures to restore the property to a person entitled to have it.

Beyer filed a motion to quash the complaint, asserting that § 28-514 is unconstitutionally vague on its face. The county court overruled the motion, and the case was tried to the court. The police report, including Beyer's written statement, and photographs of the cellular telephone were introduced into evidence. No live testimony was adduced by either party. Beyer was convicted of theft of lost or mislaid property and ordered to pay $200 restitution, a $50 fine, and $684 in attorney fees.

Beyer timely appealed her conviction to the Dodge County District Court, assigning several errors, including the contention that § 28-514 is unconstitutionally vague, that there was insufficient evidence to support Beyer's conviction, that there was no evidence to support the amount of restitution, and that the court was without authority to order Beyer to pay attorney fees.

In an order dated May 17, 1999, the district court determined that § 28-514 was constitutional and that there was sufficient evidence in the record to support the conviction. However, the district court also determined that the county court did not have authority to order Beyer to pay attorney fees and that the county court failed to hold a restitution hearing in violation of Beyer's due process rights. The district court affirmed Beyer's conviction, vacated the order assessing attorney fees, and remanded the case to the county court for a hearing on the amount of restitution.

On June 8, 1999, before the 30-day time limit from which to appeal the district court's order had run, the county court held a hearing on the restitution issue. At the hearing, Beyer and the State entered into a stipulation as to the amount of restitution, agreeing that restitution in the amount of $39.99 was appropriate. The county court set the restitution amount at $39.99.

On June 15, 1999, Beyer filed an appeal of the district court's order affirming her conviction. The notice of appeal was filed with the district court within 30 days of entry of the district court's order.

## ASSIGNMENTS OF ERROR

Beyer asserts, rephrased and summarized, that the district court erred in (1) finding that § 28-514 is constitutional on its

face and as applied in this case and (2) finding that there was sufficient evidence in the record to affirm the county court's finding of guilt.

## STANDARD OF REVIEW

■ Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach an independent conclusion. *State v. Cushman*, 256 Neb. 335, 589 N.W.2d 533 (1999). Standing is a jurisdictional component of a party's case because only a party who has standing may invoke the jurisdiction of a court. *Id.*

■ A conviction in a bench trial of a criminal case is sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that conviction. *State v. Blackman*, 254 Neb. 941, 580 N.W.2d 546 (1998). In making this determination, an appellate court does not resolve conflicts in evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented, which are within a fact finder's province for disposition. *Id.*

## ANALYSIS

### JURISDICTION

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. McCracken, ante* p. 234, 615 N.W.2d 902 (2000). The State contends that this court lacks jurisdiction over Beyer's appeal because at the time Beyer filed her appeal, jurisdiction was in the county court, rather than the district court. This argument arises out of the procedural posture presented in this case.

After entry of the district court's order on May 17, 1999, Beyer had 30 days to appeal that order. See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1998). However, the county court held the restitution hearing on remand on June 8, before the 30-day time from which to appeal the district court's May 17 order had run. After the restitution hearing was held, Beyer timely appealed the district court's order of May 17. The State argues that the district court no longer had jurisdiction over the case when Beyer filed her appeal because the county court had reac-

quired jurisdiction over the case by holding the restitution hearing on June 8. The State argues that this court did not obtain jurisdiction on appeal from the district court's order. Thus, we must determine whether the district court or the county court had jurisdiction over the case at the time Beyer filed her appeal.

We determine that the district court had jurisdiction at the time Beyer filed her appeal and that the county court was without jurisdiction to hold the restitution hearing. After an appeal has been perfected to an appellate court, the lower courts are divested of subject matter jurisdiction over that case. *Billups v. Scott*, 253 Neb. 293, 571 N.W.2d 607 (1997). As a general rule, a lower court is not reinvested with jurisdiction over a case until the appellate court's mandate, or the functional equivalent thereof, is filed in the lower court. See, *State v. Horr*, 232 Neb. 380, 441 N.W.2d 139 (1989); *Rehn v. Bingaman*, 152 Neb. 171, 40 N.W.2d 673 (1950); *State Bank of Beaver Crossing v. Mackley*, 118 Neb. 734, 226 N.W. 318 (1929). In order for an inferior court to reacquire jurisdiction, it must take action on the appellate court's mandate. *State v. Joubert*, 246 Neb. 287, 518 N.W.2d 887 (1994). Neb. Rev. Stat. § 25-2733 (Reissue 1995) provides for the issuance of mandates from district court to county court. This section states, "Within two judicial days after the decision of the district court becomes final, the clerk of the district court shall issue a mandate . . . and transmit the mandate . . . to the clerk of the county court . . . ."

This court has stated that when no appeal is taken from a judgment, that judgment becomes final for all purposes. *Caradori v. Hamilton*, 193 Neb. 500, 227 N.W.2d 850 (1975). See, also, *State v. Jonsson*, 192 Neb. 730, 224 N.W.2d 181 (1974) (judgment and sentence of district court becomes final 30 days after it is entered and no appeal has been filed). However, an appeal properly perfected under the provisions of Neb. Rev. Stat. § 25-1911 (Reissue 1995) and § 25-1912 prevents any final judgment or order from becoming final while the appeal is pending. *Dewey v. Dewey*, 192 Neb. 676, 223 N.W.2d 826 (1974). Accordingly, an order of a district court "becomes final" for the purpose of issuing a mandate under § 25-2733 only after the 30-day appeal time has run.

In the present case, the earliest time at which a mandate, or its functional equivalent, could have issued from the district court was 30 days after entry of the district court's May 17, 1999, order. However, the county court held the restitution hearing before the 30-day time to appeal had run and a mandate could issue. The county court had no jurisdiction to act on the district court's order of remand prior to the issuance and filing of a mandate. The county court was without jurisdiction to enter an order on the restitution issue, and that order is a nullity. See *State v. Dvorak*, 254 Neb. 87, 574 N.W.2d 492 (1998). See, also, *State v. Rieger*, 257 Neb. 826, 600 N.W.2d 831 (1999). The State's contention that this court did not obtain jurisdiction on appeal because jurisdiction was in the county court at the time Beyer filed her appeal is without merit.

### EFFECT OF RESTITUTION HEARING ON BEYER'S RIGHT TO APPEAL

The State next claims that "Beyer may not accept the benefits of the order of the district court and, after doing so, appeal from it." Brief for appellee at 12. The State argues that by participating in the restitution hearing which resulted in a reduction of the amount of restitution, Beyer lost her right to appeal the district court's decision affirming the conviction, and her appeal should be dismissed. However, as previously determined, the county court was without jurisdiction to hold the restitution hearing and enter the order regarding restitution. Beyer could not accept a "benefit" by participating in a restitution hearing which the county court was without jurisdiction to hold. See *State v. Trevino*, 251 Neb. 344, 556 N.W.2d 638 (1996) (subject matter jurisdiction may not be created by consent or conduct of parties). Furthermore, Beyer could not accept the "benefit" of a reduction in the restitution amount when the county court was without jurisdiction to enter such order. The State's contention is without merit.

### FINAL, APPEALABLE ORDER

The State next claims that there was no final order issued by the district court from which Beyer could appeal. We determine that Beyer has timely appealed from a final order of

the district court. For purposes of appeal, an order entered during the pendency of a criminal cause is final only when no further action is required to completely dispose of the cause pending. *State v. Hall*, 252 Neb. 885, 566 N.W.2d 121 (1997); *State v. Wieczorek*, 252 Neb. 705, 565 N.W.2d 481 (1997). In *Rohde v. Farmers Alliance Mut. Ins. Co.*, 244 Neb. 863, 509 N.W.2d 618 (1994), this court determined that a judgment of the district court on appeal from a final order of an inferior court, which leaves nothing further to be done in the district court, is a final order, even though the case is remanded for further proceedings below. When the district court's judgment on appeal remands the case for further proceedings in the inferior tribunal, the case is fully disposed of so far as the district court is concerned. *Id.* The district court's judgment is final when it terminates the proceedings in that court and leaves nothing pending therein. *Id.*

Although *Rhode* was a civil case rather than a criminal case, we see no reason why the same logic should not apply in the criminal context. Sections 25-1911 and 25-1912 provide for an appeal from a final order of a district court in both civil and criminal cases. Thus, in the present case, once the district court rendered a judgment affirming Beyer's conviction, the district court's judgment was final for purposes of filing an appeal from that order, even though the case was remanded for further proceedings on the restitution issue. The judgment terminated the proceedings in the district court, and its judgment could be fully executed without any further action by the district court.

However, the State claims, citing *Kennedy v. State*, 170 Neb. 193, 101 N.W.2d 853 (1960), that the district court's order was not a final, appealable order because it did not include a sentence. The State claims that because the district court vacated the payment of attorney fees and remanded the restitution issue without affirming the $50 fine, the district court's order did not include a sentence. This argument is without merit. The rule announced in *Kennedy* is that the trial court must pronounce sentence before a criminal conviction constitutes a final, appealable order. *Id.* See, also, *State v. Kaba*, 210 Neb. 503, 315 N.W.2d 456 (1982); *State v. Shaw*, 202 Neb. 766, 277 N.W.2d 106 (1979). In the present case, the district court was sitting as an appellate court, not as a trial court sentencing a defendant.

Thus, the rule announced in *Kennedy* is not applicable to the district court's order regarding Beyer's appeal. The State's contention that the district court's order of May 17, 1999, was not a final, appealable order is without merit.

### STANDING

Finally, the State claims that Beyer lacks standing to challenge § 28-514 as unconstitutionally vague. Section 28-514 provides that a person who comes into control of lost or mislaid property commits theft if he or she fails to take "reasonable measures" to restore the property to a person entitled to have it. Beyer claims § 28-514 is unconstitutionally vague because ordinary persons would not know what "reasonable measures" to take to restore the property to its owner. The State asserts that because Beyer took no measures to return the property to its rightful owner, she engaged in conduct which is clearly prohibited under the statute, and that thus Beyer lacks standing to assert a vagueness challenge.

The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *State v. Roucka*, 253 Neb. 885, 573 N.W.2d 417 (1998). To have standing to assert a claim of vagueness, a defendant must not have engaged in conduct which is clearly prohibited by the questioned statute and cannot maintain that the statute is vague when applied to the conduct of others. *State v. Irons*, 254 Neb. 18, 574 N.W.2d 144 (1998); *Roucka, supra*; *State v. Severin*, 250 Neb. 841, 553 N.W.2d 452 (1996); *State v. Carpenter*, 250 Neb. 427, 551 N.W.2d 518 (1996); *State v. Kelley*, 249 Neb. 99, 541 N.W.2d 645 (1996). The test for standing to assert a vagueness challenge is the same whether the challenge asserted is facial or as applied. See *id.*

Section 28-514 prohibits a person from taking control of lost or mislaid property without taking "reasonable measures" to restore the property to a person entitled to have it. The statute clearly prohibits a person from taking control of lost or mislaid property and doing nothing to restore that property to its rightful owner.

Because the record in this case shows that Beyer took control of the cellular telephone and took no measures to restore the property to its rightful owner, she has no standing to challenge the constitutionality of the statute on the ground that the term "reasonable measures" is vague. Beyer took control of the telephone by picking it up at the intersection at which she found it and taking it back to her residence. Beyer then attempted to use the telephone, but the telephone did not work. The very next day, Beyer offered to sell the telephone to another student in order to get money with which to pay bills. Beyer admitted she was not aware that she needed to take measures to restore the telephone to its owner and "never even thought about calling the cops and reporting it." Beyer took control of the property, then took no measures to restore it to its owner. Such conduct is clearly prohibited by § 28-514.

In her brief, Beyer poses several hypothetical situations in an attempt to demonstrate the vagueness of the term "reasonable measures." Beyer asserts that a person who finds a golf ball while out golfing would not know what measures to take to restore the golf ball to the person entitled to have it. She asserts that a person who finds a quarter, a $1 bill, a $5 bill, a $10 bill, or a $100 bill would not know what measures were reasonable to restore such property to the person entitled to have it. However, the court "will not examine the vagueness of the law as it might apply to the conduct of persons not before the court." *Roucka*, 253 Neb. at 892, 573 N.W.2d at 422. Beyer "cannot maintain that the statute is vague when applied to the conduct of others." See *id.* Beyer engaged in conduct which is clearly prohibited by § 28-514. Beyer lacks standing to challenge the constitutionality of the statute on the ground that the term "reasonable measures" is vague.

## SUFFICIENCY OF EVIDENCE

Beyer asserts the district court erred in determining that there was sufficient evidence in the record to affirm the county court's finding of guilt. Beyer claims the evidence was insufficient to show that she had the requisite criminal intent and that she failed to take reasonable measures to restore the property to the person entitled to have it.

A conviction in a bench trial of a criminal case is sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that conviction. *State v. Blackman*, 254 Neb. 941, 580 N.W.2d 546 (1998). In making this determination, an appellate court does not resolve conflicts in evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented, which are within a fact finder's province for disposition. *Id.*

The intent involved in an actor's conduct is a mental process and may be inferred from the conduct itself, the actor's language in reference to the conduct, and the circumstances surrounding an incident. *State v. Marks*, 248 Neb. 592, 537 N.W.2d 339 (1995). See, also, *State v. Becerra*, 253 Neb. 653, 573 N.W.2d 397 (1998); *State v. Robbins*, 253 Neb. 146, 570 N.W.2d 185 (1997).

Beyer claims the evidence is insufficient to show that she knew the telephone was lost or mislaid and that she took the telephone with the intent to deprive the owner thereof. Beyer claims that she may have thought the telephone was abandoned by the owner, rather than lost or mislaid, especially when she discovered the telephone did not work. However, the record does not support this claim. The record shows that Beyer found the telephone in a black carrying case on a curb near an intersection. It was not found in or near a trash receptacle where abandoned property might normally be found. Photographs of the telephone and the carrying case show both items to be in good condition. Beyer did not discover the telephone did not work until after she took it to her residence and attempted to use it. Furthermore, Beyer believed the reason the telephone did not work was simply that the battery was dead, which does not support an assumption that the owner intentionally discarded the telephone as "valueless property," as Beyer asserts. Brief for appellant at 15. In her written statement, Beyer stated the telephone was "so nice" that she "didn't plan on just giving it away" and that she sold the telephone to get money with which to pay bills. Viewed in the light most favorable to the State, this evidence is sufficient to support the finding that Beyer had the requisite criminal intent under § 28-514 in that she knew the telephone was lost or mislaid and took it with the intent of depriving the owner thereof.

682

Beyer next claims that the evidence is insufficient to show she took no reasonable measures to restore the property to its owner. Beyer claims that because the police never asked her the specific question, " 'Did you make any efforts of any kind to return the cellular telephone to its rightful owner?' " the State failed to prove that Beyer took no measures to return the property. Brief for appellant at 13. However, as previously discussed, Beyer's own written and oral statements support the finding that she took no reasonable measures to restore the telephone to its owner. Viewed in the light most favorable to the State, the evidence is sufficient to support this finding. The district court did not err in determining that there was sufficient evidence in the record to affirm the county court's finding of guilt.

## CONCLUSION

Beyer lacks standing to assert a vagueness challenge to § 28-514, and the evidence was sufficient to support Beyer's conviction. Thus, Beyer's conviction is affirmed. However, because we have determined that the county court was without jurisdiction to hold the restitution hearing and that the county court's order with respect to the restitution issue is a nullity, we remand the cause to the district court with directions to remand the matter to the county court for a hearing and determination on the amount of restitution.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.