STATE OF NEBRASKA, APPELLEE, V. CARLA PHILIPPS, APPELLANT.
521 N.W.2d 913

Filed September 23, 1994.   No. S-93-1035.

Mark E. Ford for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HASTINGS, C.J., WHITE, CAPORALE, and LANPHIER, JJ., and SIEVERS, Chief Judge, and BOSLAUGH, J., Retired, and RONIN, D.J., Retired.

CAPORALE, J.

## I. STATEMENT OF CASE

After the sentences imposed upon the defendant-appellant, Carla Philipps, were found by this court not to be excessive and were thus affirmed in *State v. Philipps*, 242 Neb. 894, 496 N.W.2d 874 (1993), the district court, on its own motion, set a hearing to determine whether the sentences should nonetheless be reduced under the provisions of the resentencing statute found in Neb. Rev. Stat. § 29-2308.01 (Reissue 1989). Upon the challenge of the plaintiff-appellee State, the district court determined that the resentencing statute violates the separation of powers clause contained in Neb. Const. art. II, § 1, and declined to reduce the sentences. The matter involving the constitutionality of a statute, Philipps properly appealed directly to this court (see Neb. Const. art. V, § 2). We affirm.

## II. SCOPE OF REVIEW

The alleged unconstitutionality of a statute presents a question of law which must be determined by a reviewing court independent from the conclusion reached by the inferior court. *State v. Schmailzl*, 243 Neb. 734, 502 N.W.2d 463 (1993); *State v. Crowdell*, 234 Neb. 469, 451 N.W.2d 695 (1990); *State ex rel. Spire v. Northwestern Bell Tel. Co.*, 233 Neb. 262, 445 N.W.2d 284 (1989).

However, it must be remembered that in making such a

determination, a statute is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality. *Henry v. Rockey, ante* p. 398, 518 N.W.2d 658 (1994); *In re Application A-16642*, 236 Neb. 671, 463 N.W.2d 591 (1990); *State v. Kipf*, 234 Neb. 227, 450 N.W.2d 397 (1990). More specifically, a penal statute must be construed so as to meet constitutional requirements if such can reasonably be done. See *id*. One claiming that a statute is unconstitutional has the burden to show that such is the case. See, *Henry v. Rockey, supra; State v. Schmailzl, supra; State v. LaChapelle*, 234 Neb. 458, 451 N.W.2d 689 (1990). Moreover, the unconstitutionality of a statute must be clearly established before a court may declare it void. *State v. LaChapelle, supra; State v. Kipf, supra; State v. Copple*, 224 Neb. 672, 401 N.W.2d 141 (1987).

### III. ANALYSIS

The resentencing statute was enacted in 1986 (1986 Neb. Laws, L.B. 530) and provides for the reduction by the sentencing court of the sentence it previously imposed, as follows:

> Any court which imposes a sentence for a criminal offense may reduce such sentence within one hundred twenty days after (1) the sentence is imposed or probation is revoked or (2) receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal. No hearing shall be required concerning any request for reduction denied under this section.

§ 29-2308.01.

Prior to the enactment of the resentencing statute, we had held that a sentence validly imposed took effect from the time pronounced and that thus, a subsequent sentence fixing a different term was a nullity. *State v. Temple*, 230 Neb. 624, 432 N.W.2d 818 (1988); *State v. Christiansen*, 217 Neb. 740, 351 N.W.2d 67 (1984); *State v. Kinney*, 217 Neb. 701, 350 N.W.2d 552 (1984) (trial court erred in vacating sentence of probation and imposing sentence of imprisonment); *State v. Snider*, 197 Neb. 317, 248 N.W.2d 342 (1977), *overruled on other grounds, State v. Cousins*, 208 Neb. 245, 302 N.W.2d 731 (1981) (resentencing by trial judge obviously unhappy with

defendant's exit after sentencing was nullity).

But we noted in *State v. Horr*, 232 Neb. 380, 441 N.W.2d 139 (1989), that the resentencing statute had modified that earlier rule and granted to those sentenced the right to petition the sentencing court for reconsideration, even if an appellate mandate had affirmed the original sentence. As the trial court, the county court in *Horr* had sentenced the defendant to a term of imprisonment of 6 months. The defendant appealed to the district court, which, finding the sentence not excessive, affirmed the county court's judgment. We affirmed the district court's judgment. Thereafter, the county court, on the defendant's motion, reduced the sentence pursuant to the resentencing statute. The State then appealed. In affirming the reduced sentence, we reasoned that the issuance of our mandate to the district court and its entry of judgment thereon reinvested the county court with jurisdiction to reconsider its original sentence.

Distinguishing that situation from one in which the sentence was given plenary review, we, in *State v. Foral*, 240 Neb. 346, 481 N.W.2d 583 (1992), held that where we found a sentence to be excessively lenient and specified the sentence to be imposed on remand, the resentencing statute did not empower the sentencing court to impose a different sentence than the one we specified. We also suggested that perhaps the holding in *State v. Horr, supra*, should be revisited.

With that background, we turn our attention to whether, as the State claims, the resentencing statute violates the separation of powers clause of our Constitution by giving the judiciary the power to commute sentences, a power clearly entrusted by Neb. Const. art. IV, § 13, to an executive department board consisting of the Governor, Attorney General, and Secretary of State, commonly known as the Board of Pardons. See, e.g., Neb. Rev. Stat. § 29-2524 (Reissue 1989). Article IV, § 13, reads in relevant part: "The Governor, Attorney General and Secretary of State, sitting as a board, shall have power to . . . grant . . . commutations in all cases of conviction for offenses against the laws of the state . . . ."

The separation of powers clause specifies that the powers of this state's government "are divided into three distinct

departments, the legislative, executive and judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted." Article II, § 1. The purpose of the clause is to establish the permanent framework of our system of government and to assign to the three departments their respective powers and duties, and to establish certain fixed principles upon which our government is to be conducted. *State, ex rel. Randall, v. Hall*, 125 Neb. 236, 249 N.W. 756 (1933).

Citing to *Mistretta v. United States*, 488 U.S. 361, 109 S. Ct. 647, 102 L. Ed. 2d 714 (1989), a decision concerning the federal Constitution, Philipps contends that the three branches need not operate entirely separately and distinctly from each other, but may have overlapping responsibility. That contention, however, overlooks that unlike our Constitution, the federal Constitution has no express provision which prohibits the officials of one branch of government from exercising the functions of the other branches. The federal separation of powers principle is inferred from the overall structure of the U.S. Constitution. In contrast, Neb. Const. art. II, § 1, prohibits one department of government from encroaching on the duties and prerogatives of the others or from improperly delegating its own duties and prerogatives, except as the Constitution itself otherwise directs or permits. See *Otey v. State*, 240 Neb. 813, 485 N.W.2d 153 (1992). Thus, the federal doctrine is not as rigorous as that imposed by the Constitution of this state. See *State v. Hunter*, 447 A.2d 797 (Me. 1982).

As a consequence, in *State ex rel. Spire v. Conway*, 238 Neb. 766, 472 N.W.2d 403 (1991), article II, § 1, precluded a state senator from simultaneously serving as an executive department assistant professor at a state college, notwithstanding his unpaid leaves of absence from the college during the Legislature's regular sessions and his removal from the college payroll during most of the Legislature's special sessions.

Nonetheless, as Philipps points out, some courts have concluded that statutes which empower a sentencing court to reexamine and reduce its initial sentence do not intrude upon

the executive prerogative of commutation. See, e.g., *United States v. Benz*, 282 U.S. 304, 51 S. Ct. 113, 75 L. Ed. 354 (1931); *Mamula v. People*, 847 P.2d 1135 (Colo. 1993); *Shimley v. State*, 87 Okla. Crim. 179, 196 P.2d 526 (1948). The court in *State v. Nardini*, 187 Conn. 109, 123-24, 445 A.2d 304, 312 (1982), observed:

> Nor can it be seriously argued that such enabling legislation authorizes the judicial department to exercise the pardoning power. "The power exercised . . . does not constitute a pardon or commutation. It is in effect only a change of judgment, and for that reason a radically different thing from a pardon or commutation, which import that the sentence stands while the sentenced person is relieved from its operation upon him. The gist of that which the statute authorizes is that the pronouncement of the court may be changed, not that a way of escape from it is provided."

But determining whether an act is one of commutation on the basis of who performs it begs the question; the essence of commutation is the substitution of a milder punishment. See *Lincoln v. Sigler*, 183 Neb. 347, 160 N.W.2d 87 (1968). Thus, in *Boston v. Black*, 215 Neb. 701, 340 N.W.2d 401 (1983), we wrote that to interpret a statute such that it would reduce, without the approval of the Board of Pardons, a sentence imposed prior to its enactment would render the statute unconstitutional, for it would permit a legislative invasion of the power of commutation constitutionally consigned to the board. See, also, *Stewart v. Clarke*, 240 Neb. 397, 482 N.W.2d 248 (1992).

It is true that under the provisions of Neb. Rev. Stat. § 29-2308 (Cum. Supp. 1992), we have reduced sentences imposed by the trial courts which were excessive, e.g., *State v. Spiegel*, 239 Neb. 233, 474 N.W.2d 873 (1991), and *State v. Suggett*, 200 Neb. 693, 264 N.W.2d 876 (1978), and that under Neb. Rev. Stat. § 29-2320 (Cum. Supp. 1992), we have increased sentences imposed by the trial courts which were excessively lenient, e.g., *State v. Wojcik*, 238 Neb. 863, 472 N.W.2d 732 (1991), and *State v. Winsley*, 223 Neb. 788, 393 N.W.2d 723 (1986). But an appellate court which modifies a

sentence on review, which is demonstrated to constitute an abuse of discretion, operates within the confines of an unconcluded judicial process. In contrast, a sentencing court which chooses to substitute a milder punishment for the sentence it had originally imposed does the very thing which defines an act of commutation.

## IV. JUDGMENT

Section 29-2308.01 is unconstitutional and therefore unenforceable, as it purports to grant commutation power to the judiciary, in violation of Neb. Const. art. IV, § 13, which entrusts such power to the Board of Pardons.

Accordingly, as noted in part I, the judgment of the district court is affirmed.

AFFIRMED.

FAHRNBRUCH and WRIGHT, JJ., not participating.