REQUESTED BY: Paul M. Wood, Red Willow County Attorney
You have written to our office asking for an opinion regarding two questions which you have posed in connection with an individual who has been convicted of a felony and sentenced to probation. The specific questions that you pose were as follows:
 (1) Can a person who has been convicted of a felony, sentenced to probation, and having successfully completed probation and then fully discharged, purchase, lease, rent, or receive transfer of a hand gun?
 (2) If such person is in possession of a hand gun, is he a felon in possession and subject to criminal liability?
In your letter you provide a factual scenario with regard to a particular individual and we need to point out that obviously our office is not able to provide opinions for private individuals and we are unable to make any evaluation as to any proceedings that may have occurred which are referenced in your letter requesting the opinion. As you know, our office is only authorized to consult with and advise county attorneys in matters of criminal law and revenue pursuant to Neb. Rev. Stat. §84-205 (2). Obviously, we are in no position to evaluate the legal proceedings that you refer to and do not want this opinion to be construed as providing advice to a private individual.
The answers to the questions that you have raised are clear based upon the Nebraska Constitution, the applicable statutes and relevant opinions by the Nebraska Supreme Court. An order by the District Court under Neb. Rev. Stat. § 29-2264 (4) setting aside a conviction does not authorize the individual to purchase, lease, rent or receive transfer of a hand gun. In addition, those proceedings standing alone do not relieve the individual from possible criminal liability for possession of a handgun as a felon.
Under Nebraska law, Neb. Rev. Stat. § 28-1206 the term "firearm" is defined as "any firearm with a barrel less than eighteen inches in length. . . ." By definition therefore, shotguns and rifles are excluded from the prohibition regarding possession by a felon.
Neb. Rev. Stat. § 29-112 provides for certain disabilities as a result of a conviction of any felony and in addition provides that those limitations imposed on convicted felons may only be relieved as a result of action by the Board of Pardons.
Article IV, Section 13 of the Nebraska Constitution establishes the Board of Pardons consisting of the Governor, Attorney General and Secretary of the State and empowers those officials sitting as a Board to remit fines and forfeitures and to grant respites, reprieves, pardons or commutations in all cases of conviction for offenses against the laws of the state excepting treason and impeachment.
Neb. Rev. Stat. § 83-1,126 statutorily implements the constitutional authorization of the Board of Pardons. Neb. Rev. Stat. § 83-1,130 (1) provides that after consideration of an application to the Board, it may grant or deny the relief as may be justified. Subsection 2 under § 83-1,130 provides that the Board acting as a group may in appropriate cases not only grant the pardon, but in addition, specifically authorize such person who receives the pardon to possess or transport a firearm in commerce.
It is clear therefore, that the Nebraska Constitution limits the pardoning power on state violations to the Board of Pardons. In addition, the Legislature has specifically provided that only in special cases the Board may authorize the Governor to note on the pardon that the individual is authorized to possess a firearm.
The effect of an order entered under Neb. Rev. Stat. §29-2264 was presented to the Nebraska Supreme Court in State v.Illig, 237 Neb. 598, 467 N.W.2d 375 (1991). In that particular case, the defendant was appealing a conviction involving the charge of a felon in possession of a firearm. The defendant had presented the issue as a result of his successful completion of probation and restoration of his civil rights in the earlier proceeding. A Motion to Dismiss and Motion to Quash had been overruled by the trial court and the issue was raised on appeal.
The Court in reviewing Neb. Rev. Stat. § 29-2264 observed that there were a number of legal issues that were not impacted as a result of the setting aside of the conviction. Particularly, the Court noted that under subsection (5) of § 29-2264 the setting aside of the conviction would not impact a situation where the prior conviction could be used. In Illig's situation, the Court held that there was no prohibition for proving a substantive element of the crime that he was a felon as provided in the charge filed against him.
The Court noted that this was the first instance in which the issue had been directly presented and referred to Neb. Rev. Stat. § 83-1,130 (2). The Court adopted the State's argument that the Legislative intent obviously indicated that the right to possess a firearm by a felon was not automatically received with a pardon. Rather it was specifically reserved for the Governor's express authorization. The Court noted that at first glance, restoration of civil rights might result in the restoration of the right to bear arms, however, upon reviewing the case law, the Court found to the contrary.
The separation of powers clause in the Nebraska Constitution provides that this State's government is divided into three distinct departments, the Legislative, Executive and Judicial. It also provides that no person or collection of persons being one of these departments shall exercise any power properly belonging to either of the others, except as are expressly permitted or authorized. Article II, Section I, Nebraska Constitution.
The purpose of the clause is to establish the permanent frame work of our system of government and to assign to those three departments their respective powers, duties and to establish certain principles upon which our state government was to be conducted.
Clearly, the Nebraska Constitution prohibits one department of government i.e.: Judicial from encroaching on the duties and prerogatives of the others, i.e.: Executive. As we have pointed out above, clearly the act of pardon is an act reserved to the Executive branch and Neb. Rev. Stat. § 29-2264 has to be interpreted as not authorizing encroachment by the Judiciary on the Executive's authority.
These principles have been recently reiterated by the Nebraska Supreme Court in State v. Phillips, 246 Neb. 610, ___ N.W.2d ___ (1994) where the Court held that a re-sentencing statute violated the separation of powers clause contained in the Nebraska Constitution, Article II, Section I. The holding inState v. Phillips precludes any interpretation of Neb. Rev. Stat. § 29-2264 which would result in the encroachment of the pardoning power by the Judiciary.
In your request for opinion, you also refer to Neb. Rev. Stat. § 69-2404 which is one of a series of statutes dealing with the sale, lease, rental and transfer of hand guns.
Under the section cited, any person who desires to purchase, rent, or receive transfer of a hand gun must obtain a certificate after completion of an application. The statute provides that the applicant is to receive a certificate unless he is prohibited from doing so by 18 U.S.C. § 922.
The federal law prohibits a person convicted of a crime, punished by imprisonment for a term exceeding one year, from receiving or possessing any firearm or ammunition in or affecting commerce. The issue as to what constitutes a conviction of a crime punishable by imprisonment for a term exceeding one year is determined in accordance with the law of the jurisdiction in which the proceedings were held.
As we have indicated, the Nebraska Supreme Court has held inIllig that a proceeding under Neb. Rev. Stat. § 29-2264 does not relieve a convicted felon from the prohibition relating to the possession of firearms.
Sincerely,
 DON STENBERG Attorney General
 William L. Howland Assistant Attorney General
APPROVED BY:
Don Stenberg 
Attorney General