REQUESTED BY: Ronald L. Bartee, Chairman, Nebraska Board of Parole
You have asked for our opinion regarding the constitutionality of Neb. Rev. Stat. § 83-1,118(2) (1994) which provides:
 The Board [of Parole] may discharge a parolee from parole at any time if such discharge is compatible with the protection of the public and is in the best interest of the parolee.
We note that Neb. Rev. Stat. § 83-192(1) (1994) also provides:
The Board of Parole shall:
. . .
(2) Determine the time of discharge from parole[.]
We conclude that §§ 83-1,118(2) and 83-192(1) are unconstitutional because the Legislature cannot usurp the constitutional powers of the Nebraska Board of Pardons, even if the Legislature attempts to delegate those powers to another agency within the executive branch.
To analyze the constitutionality of §§ 83-1,118(2) and83-192(1), it is helpful first to define "parole" and its effect on an inmate's sentence.
Neb. Rev. Stat. § 83-170(11) (1994) defines "parole term" as "the time from release on parole to thecompletion of the maximum term, reduced by good time." [Emphasis added]. Subsection (8) of the same statute defines "maximum term" as "the maximum sentence provided by law or the maximum sentence imposed by a court, whichever is shorter."
Parole, by definition, is a conditional release from prison which does not set aside a sentence, and which is subject to revocation:
 The essence of parole is release from prison, before completion of the sentence, on condition that the prisoner abide by certain rules during the balance of the sentence. Parole is not freedom. A parolee is a convicted criminal who has been sentenced to a term of imprisonment and who has been allowed to serve a portion of that term outside prison walls. It is not a full release nor a form of leniency, but is the conditional extension of certain freedoms under the supervision of a parole officer to a person who has already served a period of time in a correctional institution.
Pardon and Parole, 59 Am. Jur. 2d, § 6 (1987) [emphasis added].
The United States Supreme Court has said:
 Rather than being an ad hoc exercise of clemency, parole is an established variation on imprisonment of convicted criminals. Its purpose is to help individuals reintegrate into society as constructive individuals as soon as they are able, without being confined for the full term of the sentence imposed. . . . The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence.
Morrissey v. Brewer, 408 U.S. 471, 477 (1972) [emphasis added].
 To accomplish the purpose of parole, those who are allowed to leave prison early are subjected to specified conditions for the duration of their terms.
. . . .
 The enforcement leverage that supports the parole conditions derives from the authority to return the parolee to prison to serve out the balance of his sentence if he fails to abide by the rules.
. . . .
 Implicit in the system's concern with parole violations is the notion that the parolee is entitled to retain his liberty as long as he substantially abides by the conditions of his parole.
Id., at 478-79 [emphasis added].
The Nebraska Constitution, art. IV, § 13, provides in part:
 The Governor, Attorney General and Secretary of State, sitting as a Board, shall have power to . . . grant . . . commutations in all cases of conviction for offenses against the laws of the State. . . . The Board of Parole may advise the Governor, Attorney General and Secretary of State on the merits of any application for . . . commutation but such advice shall not be binding on them.
The Nebraska Supreme Court has held that the constitutional power of the Nebraska Board of Pardons may not be usurped by the Legislature or by the Courts.
In State v. Philipps, 246 Neb. 610 (1994), the Court declared unconstitutional the provisions of Neb. Rev.Stat. § 29-2308.01 (1989) which purported to allow sentencing courts to reduce sentences within 120 days after imposing a sentence, revoking probation, or receiving a mandate following an appeal. After describing the Board of Pardon's power of commutation set forth in Neb. Const., art. IV, § 13, the Court said:
 Neb. Const. art. II, § 1, prohibits one department of government from encroaching on the duties and prerogatives of the other or from improperly delegating its own duties and prerogatives, except as the Constitution itself otherwise directs or permits.
. . . .
 [A] sentencing court which chooses to substitute a milder punishment for the sentence it had originally imposed does the very thing which defines an act of commutation.
Philipps, 246 Neb. at 614, 616.
In State v. Jones, 248 Neb. 117 (1995), the Court declared unconstitutional Neb. Rev. Stat. § 29-2931
(Cum. Supp. 1994), which purported to authorize a sentencing court to reduce or alter the sentence of a convicted sex offender. As in Philipps, the Court relied on Neb. Const. art. IV, § 13, and art. II, § 1.
In State v. Bainbridge, 249 Neb. 260 (1996), the Court declared unconstitutional Neb. Rev. Stat. §60-6,209 (1993), which purported to allow a sentencing court to reduce a defendant's fifteen-year driver's license suspension pursuant to a third DWI conviction, if the applicant had served at least five years of the revocation. The Court held that because the driver's license revocation was punitive, a reduction in the term of the revocation would constitute a commutation of sentence. Again, the Court relied on Neb. Const. art. IV, §13, and art. II, § 1.
If the Board of Parole discharges an inmate from parole prior to the expiration of the parolee's maximum term, less good time, the Board is granting the parolee a commutation of sentence because it is substituting "a milder punishment for the sentence . . . originally imposed." Philipps,246 Neb. at 616.
Although §§ 83-1,118(2) and 83-192(1)(c) do not transfer the power of the Board of Pardons to the legislative or judicial branches, they, nevertheless, violate Neb. Const. art. IV, § 13, by purporting to transfer the constitutional power of the Nebraska Board of Pardons to the Board of Parole, within the executive branch. This would be analogous to the Legislature attempting to transfer constitutional powers of the Governor to the State Treasurer, or of the Attorney General to the Secretary of State. Although the powers might remain within the same branch of government, such an action would nonetheless be a usurpation of the power vested by the Constitution in a specific constitutional officer or entity. See, e.g.,Board of Regents of University of Nebraska v. Exon,199 Neb. 146, 149 (1977).
If the Parole Board concludes that a parolee should be discharged from its custody and that the parolee's maximum term should be commuted to time served, the Board may exercise its constitutional prerogative under Neb. Const., art. IV, § 13, to advise the Pardons Board on the merits of any such application for commutation.
Sincerely yours,
 DON STENBERG Attorney General
 Laurie Smith Camp Deputy Attorney General
APPROVED BY:
Don Stenberg
Attorney General