REQUESTED BY: Senator George Coordsen
You have asked whether the power of commutation is limited only to the Nebraska Board of Pardons, and whether the Governor has the authority to vest the power of commutation with another state agency under his control. We conclude that the power of commutation is vested in the Nebraska Board of Pardons under the Nebraska Constitution, and that the Governor has no authority to vest such power with another state agency under his control, nor could any legislation give the Governor such power.
Nebraska Constitution, art. IV, § 13, provides in part:
 The Governor, Attorney General and Secretary of State, sitting as a Board, shall have power to . . . grant . . . commutations in all cases of conviction for offenses against the laws of the state. . . . The Board of Parole may advise the Governor, Attorney General and Secretary of State on the merits of any application for . . . commutation, but such advice shall not be binding upon them.
The Nebraska Supreme Court has held that the constitutional power of the Nebraska Board of Pardons may not be usurped by the Legislature or by the courts.
In State v. Philipps, 246 Neb. 610 (1994), the Court declared unconstitutional the provisions of Neb. Rev. Stat. § 29-2308.01 (1989) which purported to allow sentencing courts to reduce sentences within 120 days after imposing a sentence, revoking probation, or receiving a mandate following an appeal. After describing the Board of Pardon's power of commutation set forth in Neb. Const., art. IV, § 13, the Court said:
 Neb. Const., art. II, § 1, prohibits one department of government from encroaching on the duties and prerogatives of the other or from improperly delegating its own duties and prerogatives, except as the Constitution itself otherwise directs or permits.
. . . .
 [A] sentencing court which chooses to substitute a milder punishment for the sentence it had originally imposed does the very thing which defines an act of commutation.
Philipps, 246 Neb. at 614, 616.
In State v. Jones, 248 Neb. 117 (1995), the Court declared unconstitutional Neb. Rev. Stat. § 29-2931 (Cum. Supp. 1994), which purported to authorize a sentencing court to reduce or alter the sentence of a convicted sex offender. As inPhilipps, the Court relied on Neb. Const., art. IV, § 13, and art. II, § 1.
In State v. Bainbridge, 249 Neb. 260 (1996), the Court declared unconstitutional Neb. Rev. Stat. § 60-6,209
(1993), which purported to allow a sentencing court to reduce a defendant's 15-year driver's license suspension pursuant to a third DWI conviction, if the applicant had served at least five years of the revocation. The Court held that because the driver's license revocation was punitive, a reduction in the term of the revocation would constitute a commutation of sentence. Again, the Court relied on Neb. Const., art. IV, § 13, and art. II, § 1.
On April 9, 1996, this office issued its opinion to the Nebraska Board of Parole, finding Neb. Rev. Stat. §83-1,118(2) and § 83-192(1) (1994) unconstitutional. Those sections provide:
 The Board [of Parole] may discharge a parolee from parole at any time if such discharge is compatible with the protection of the public and is in the best interest of the parolee.
Neb. Rev. Stat. § 83-1,118(2) (1994).
The Board of Parole shall:
. . . .
(c) determine the time of discharge from parole[.]
Neb. Rev. Stat. § 83-192(1) (1994).
In the opinion, we concluded that §§ 83-1,118(2) and83-192(1) were unconstitutional because the Legislature cannot usurp the constitutional powers of the Nebraska Board of Pardons, even if the Legislature attempts to delegate those powers to another agency within the executive branch. Opinion of Attorney General, number 96029, April 9, 1996.
Just as the power of pardon is vested absolutely in the President under the United States Constitution, the power is vested absolutely in the Board of Pardons under the Nebraska Constitution. As such, it cannot be modified by the Legislative branch. The Laura, 114 U.S. 411, 414 (1884);Schick v. Reed, 419 U.S. 256, 266 (1974). Where a state constitution fixes the power to pardon, that power is not subject to legislative control except as is provided by the constitution itself. Schick, 419 U.S. at 266;Pardon and Parole, 59 Am. Jur. 2d, § 31 (1987).
Because the power of commutation is vested in the Nebraska Board of Pardons under the Nebraska Constitution, neither the Governor nor the Legislature may vest another state agency with that power.
Sincerely,
 DON STENBERG Attorney General
 Laurie Smith Camp Deputy Attorney General
APPROVED:
Don Stenberg
Attorney General