REQUESTED BY: Rachel E. Bauch Administrative Assistant Nebraska Board of Pardons
Dear Ms. Bauch:
You have asked our opinion regarding the effect of Neb. Rev. Stat. § 29-112.01 (1995) which provides:
 Any person heretofore or hereafter sentenced to be punished for any felony, when the sentence is other than confinement in a Department of Correctional Services adult correctional facility, shall be restored to civil rights upon receipt from the Board of Pardons of a warrant of discharge, which shall be issued by such Board upon receiving from the sentencing court a certificate showing satisfaction of the judgment and sentence entered against such person.
You asked three questions regarding the application of §29-112.01: (1) Is the Board of Pardons required to issue a Warrant of Discharge? (2) If a Warrant of Discharge should be issued, what civil rights would be restored? (3) Is a Warrant of Discharge equivalent to a pardon?
We conclude that the Board of Pardons is not required to issue a warrant of discharge, and that the restoration of any civil rights which are forfeited by an offender upon conviction of a felony is a matter within the discretion of the Board of Pardons.
Nebraska Constitution, art. IV, § 13, provides in part:
 The Governor, Attorney General and Secretary of State, sitting as a Board, shall have power to remit fines and forfeitures and to grant respites, reprieves, pardons or commutations in all cases of conviction for offenses against the laws of the state, except treason and cases of impeachment.
Nebraska Constitution, art. VI, § 2, provides in part:
 No person shall be qualified to vote who . . . has been convicted of . . . [a] felony under the laws of the state or of the United States, unless restored to civil rights.
Nebraska Constitution, art. XV, § 1, provides in part:
 [A]ny person who shall be convicted of having sworn falsely to, or of violating his said oath shall forfeit his office, and thereafter be disqualified from holding any office of profit or trust in this state unless he shall have been restored to civil rights.
Nebraska Constitution, art. XV, § 2 provides in part:
 No person convicted of a felony shall be eligible to any such office [of trust or profit under the Constitution or laws of this state] unless he shall have been restored to civil rights.
Before 1959, § 29-112 of the Nebraska Statutes recognized that a convicted felon must obtain a pardon from the Nebraska Pardons Board to receive a restoration of civil rights. In 1959, § 29-112 was amended to provide for the issuance of "warrants of discharge" by the Board of Pardons, and § 29-112.01 was enacted, purporting to mandate the issuance of such warrants of discharge by the Board. See LB 305, 1959 Legislative Session.
The Nebraska Supreme Court has held that the constitutional power of the Nebraska Board of Pardons may not be usurped by the Legislature or by the courts.
In State v. Philipps, 246 Neb. 610 (1994), the Court declared unconstitutional the provisions of Neb. Rev. Stat. § 29-2308.01
(1989) which purported to allow sentencing courts to reduce sentences within 120 days after imposing a sentence, revoking probation, or receiving a mandate following an appeal. After describing the Board of Pardon's power of commutation set forth in Neb. Const., art. IV, § 13, the Court said:
 Neb. Const., art. II, § 1, prohibits one department of government from encroaching on the duties and prerogatives of the other or from improperly delegating its own duties and prerogatives, except as the Constitution itself otherwise directs or permits.
. . . .
 [A] sentencing court which chooses to substitute a milder punishment for the sentence it had originally imposed does the very thing which defines an act of commutation.
Philipps, 246 Neb. at 614, 616.
In State v. Jones, 248 Neb. 117 (1995), the Court declared unconstitutional Neb. Rev. Stat. § 29-2931 (Cum. Supp. 1994), which purported to authorize a sentencing court to reduce or alter the sentence of a convicted sex offender. As in Philipps, the Court relied on Neb. Const., art. IV, § 13, and art. II, § 1.
In State v. Bainbridge, 249 Neb. 260 (1996), the Court declared unconstitutional Neb. Rev. Stat. § 60-6,209 (1993), which purported to allow a sentencing court to reduce a defendant's 15-year driver's license suspension pursuant to a third DWI conviction, if the applicant had served at least five years of the revocation. The Court held that because the driver's license revocation was punitive, a reduction in the term of the revocation would constitute a commutation of sentence. Again, the Court relied on Neb. Const., art. IV, § 13, and art. II, § 1.
On March 18, 1996, this office issued its opinion to the Board of Pardons finding that only the Board may restore an offender's civil rights which are forfeited due to a felony conviction and that Neb. Reb. Stat. §§ 29-2264 (Cum. Supp. 1994) and 83-1,118 (1994) which purported to restore such civil rights upon discharge from probation and discharge from incarceration, respectively, did not operate to restore such rights. Opinion of Attorney General, number 96023, March 18, 1996.
On April 9, 1996, this office issued its opinion to the Nebraska Board of Parole, finding Neb. Rev. Stat. § 83-1,118(2) and § 83-192(1) (1994) unconstitutional. Those sections provided:
 The Board [of Parole] may discharge a parolee from parole at any time if such discharge is compatible with the protection of the public and is in the best interest of the parolee.
Neb. Rev. Stat. § 83-1,118(2) (1994).
The Board of Parole shall:
. . . .
(c) determine the time of discharge from parole[.]
Neb. Rev. Stat. § 83-192(1) (1994).
In the opinion, we concluded that §§ 83-1,118(2) and83-192(1) were unconstitutional because the Legislature cannot usurp the constitutional powers of the Board of Pardons, even if the Legislature attempts to delegate those powers to another agency within the executive branch. Opinion of Attorney General, number 96029, April 9, 1996.
Just as the power of pardon is vested absolutely in the President under the United States Constitution, the power is vested absolutely in the Board of Pardons under the Nebraska Constitution. As such, it cannot be modified by the Legislative branch. The Laura, 114 U.S. 411, 414 (1884); Schick v. Reed,419 U.S. 256, 266 (1974). Where a state constitution fixes the power to pardon, that power is not subject to legislative control except as is provided by the constitution itself. Schick,419 U.S. at 266; Pardon and Parole, 59 Am. Jur. 2d, § 31 (1987).
Because the power of clemency is vested in the Nebraska Board of Pardons under the Nebraska Constitution, the Legislature may not mandate that the Board of Pardons exercise that power.
Sincerely,
 DON STENBERG Attorney General
 Laurie Smith Camp Deputy Attorney General
APPROVED BY:
__________________________ Attorney General
Rachel E. Bauch Administrative Assistant Nebraska Board of Pardons P. O. Box 94754 Lincoln, N.E. 68509-4754